UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re

LOUIS J. PEARLMAN, et al.,

Debtor[s].

Case No. 6:07-bk-00761-KSJ
Chapter 11

SONEET R. KAPILA, as CHAPTER 11 TRUSTEE for TRANS CONTINENTAL AIRLINES, INC.,

Plaintiff[s],

vs.

STEPHEN MUENCH,

Defendant[s].

Adversary No. 6:08-ap-00198-KSJ

# MEMORANDUM OPINION DENYING DEFENDANT'S MOTION TO DISMISS

The trustee, Soneet Kapila, appointed on behalf of the jointly-administered bankruptcy estate of the debtors[1] (the "Debtors"), seeks to avoid and recover monies the Debtors paid to defendant for his services as a broker, marketing and selling investments in the Debtors' fraudulent Ponzi scheme during the four years prior to the filing of the Debtors' bankruptcy petitions. The trustee alleges these commission payments are avoidable as actual fraudulent transfers under Bankruptcy Code[2] §§ 544(b), 548(a)(1)(a) and (b), 550, and comparable Florida statutes.[3] The *pro se* defendant has filed a motion to dismiss the trustee's complaint,[4] arguing that, because the fraud began before his employment as a broker and because other governmental

[1] The debtors in these jointly administered cases are: Louis J. Pearlman; Louis J. Pearlman Enterprises, Inc.; Louis J. Pearlman Enterprises, LLC; TC Leasing, LLC; Trans Continental Airlines, Inc.; Trans Continental Aviation, Inc.; Trans Continental Management, Inc.; Trans Continental Publishing, Inc.; Trans Continental Records, Inc.; Trans Continental Studios, Inc.; and Trans Continental Television Productions, Inc. (collectively, the "Debtors").
[2] All references to the Bankruptcy Code are to 11 U.S.C. § 101 *et seq.*
[3] Fla. Stats. §§ 726.105, 726.106 and 726.108.
[4] Doc. No. 35.

agencies did not identify or stop the fraud, he should not be required to return the payments or be held to a higher standard of due diligence than the governmental agencies. There is no legal basis for defendant's arguments. Even if the Court construes them as good faith defenses, moreover, they are insufficient to justify defendant's motion to dismiss. Defendant's motion to dismiss is denied.

Debtor, Louis J. Pearlman, along with some of his co-debtor companies—Trans Continental Airlines ("TCA"), Trans Continental Records, and Louis J. Pearlman Enterprises—bilked thousands of investors out of hundreds of millions of dollars through the perpetration of different Ponzi schemes. One of these Ponzi schemes was known as the "Employee Investment Savings Account" (the "EISA Program"), under which TCA raised over $300 million from hundreds of investors nationwide. Pearlman, his broker intermediaries, and others at TCA allegedly promised investors above-market rates of return for their investments and that their investments were FDIC insured. Neither representation was true. Instead, Pearlman and his cronies pocketed much of the investment funds and used new investments to repay, or to pay interest to, prior investors in the EISA Program.

Defendant served as one of the brokers who sold investments in the fraudulent EISA Program, for which he earned hundreds of thousands of dollars in commissions. The trustee seeks to recover $442,634.13 in commission payments defendant received during the two and four years prior to the Debtors' bankruptcy as actual fraudulent transfers.[5]

The *pro se* defendant now has filed a motion to dismiss the trustee's complaint,[6] arguing he should not be required to disgorge the payments for various reasons. First, defendant argues that, because the Florida Department of Financial Services and other investigative agencies failed to discover the fraud, he should not be imputed with any wrongdoing or held to a higher

[5] Doc. No. 1, Exhibit A and B.
[6] Doc. No. 35.

standard of due diligence than these agencies.[7] Defendant is arguing that he should not be held responsible for stopping the fraud or protecting the public if consumer protection agencies failed to do so. Second, defendant argues that, because he did not start the fraud, he is not responsible for later selling the fraudulent investments.[8] Third, defendant suggests he lacks the funds to defend the action.[9] None of these arguments are viable legal arguments that would justify dismissing the complaint.

There is no question that commission payments Debtors paid to defendant were actual fraudulent transfers.[10] A Ponzi scheme is by definition fraudulent, and, by extension, any acts taken in furtherance of the Ponzi scheme, such as paying broker commissions, also are fraudulent and are made with the actual intent to hinder, delay, or defraud creditors.[11] However, not all fraudulent payments in furtherance of a Ponzi scheme necessarily are avoidable by a trustee.[12] In some circumstances, the recipient of a fraudulent transfer can keep the property received if the transferee can prove it gave value and acted in good faith.[13] Defendant here has not explicitly invoked this affirmative defense of good faith in his motion to dismiss, but even if the Court

---

[7] Doc. No. 39.
[8] *Id.*
[9] *Id.*
[10] 11 U.S.C. § 548(a)(1)(A). A fraudulent transfer is a transfer of a debtor's interest in property, or any obligation incurred by the debtor, that was made or incurred in 2 years before the date of the petition with the actual intent to hinder, delay, or defraud any entity to which the debtor was or became indebted on or after the date such transfer was incurred.
[11] *Id.*
[12] *In re World Vision Entertainment, Inc.*, 275 B.R. 641, 658 (Bankr. M.D. Fla. 2002).
[13] Section 548(c) of the Bankruptcy Code and Fla. Stat. § 726.109(1) provide an affirmative defense for transferees who give value to the debtor and receive the transfer in good faith. Section 548(c) provides:

> Except to the extent that a transfer or obligation voidable under this section is voidable under section 544, 545, or 547 of this title, a transferee or obligee of such a transfer or obligation that takes for value and in good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that such transferee or obligee gave value to the debtor in exchange for such transfer or obligation.

Fla. Stat. § 726.109(1) provides:

> (1) A transfer or obligation is not voidable under 726.105(1)(a) against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee.

*See also In re World Vision Entertainment, Inc.*, 275 B.R. at 658; *In re Heritage Funding Group, Inc.*, Adversary Proceeding No. 07-ap-302 (M.D. Bankr. August 29, 2009).

construes defendant's arguments as an attempt to do so,[14] defendant has not met his burden of proving he took the commission payments in good faith.[15] This defense requires defendant to prove he had no knowledge of the Ponzi scheme or of the Debtors' fraudulent purpose or insolvency.[16]

Defendant never argues he did not know of the fraud that he was employed to perpetuate.[17] He merely states that other government entities had the obligation to stop the fraud, not him. Defendant recently was indicted in state court for fraud and racketeering in connection with selling the fraudulent investments involved in this adversary proceeding.[18] In defendant's motion to dismiss, he states "[w]hether I was mislead by individuals or an entire agency is a question that may or may not be answered at a later date."[19] Defendant's arguments fall woefully short of pleading good faith.[20] Even if the Court construes defendant's arguments as an attempt to plead an affirmative defense to the trustee's complaint, the arguments are not sufficient to summarily dismiss this adversary proceeding. Nor is the fact that the defendant lacks sufficient financial resources to defend the trustee's allegations justification for dismissal.

---

[14] When a *pro se* party has offered arguments without directly citing to legal authority, but which point to facts consistent with a legal argument, a court will "construe [the] *pro se* filings liberally to afford review on any 'legally justifiable basis.'" *Smith v. US*, 420 Fed. Appx. 944, 945 (11th Cir. 2011).

[15] *Id* (noting "All recipients of avoidable transfers from a debtor operating a Ponzi scheme are entitled to raise good faith as a defense," but they bear the burden of proving their own good faith).

[16] *In re Evergreen Security, Ltd*., 319 B.R. 245, 255 (Bankr. M.D. Fla. 2003) (noting that "[c]ircumstances putting the transferee on inquiry notice as to a debtor's insolvency, an underlying fraud, or the improper nature of a transaction, will preclude a transferee from asserting a good faith defense."). A recipient of commission payments from a Ponzi scheme must do at least some due diligence, such as reviewing investment ratings and financial statements, in order to qualify for a good faith defense. *Id*. at 255.

[17] Doc. No. 35.

[18] Case No. 11-CF-018505. The case is pending in Hillsborough County Circuit Court.

[19] Doc. No. 35.

[20] Doc. No. 35.

Defendant's motion to dismiss is denied. Defendant is directed to file an answer to the trustee's complaint no later than **June 29, 2012**. A further pretrial conference is scheduled for **July 11, 2012, at 2:00 p.m.**

DONE AND ORDERED in Orlando, Florida, on June 8, 2012.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Plaintiff's Counsel: James E. Foster, Akerman Senterfitt, P.O. Box 231, Orlando, FL 32802

Defendant's Counsel: Daniel J. Fernandez, One Harbour Place, Suite 255, 777 South Harbour Island Blvd., Tampa, FL 33602